NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Violent and Organized Crime Section
1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6104
     Facsimile: (213) 894-3713
     E-mail:    shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. MJ 20-2980-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE (18 U.S.C. § 3154); DECLARATION OF SPECIAL AGENT IOANNIS DOUROUPIS; EXHIBITS |
| v. | |
| MICAH TILLMON, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Shawn T. Andrews, hereby submits its Memorandum of Points and Authorities in support of its application to (1) review the Magistrate Judge's decision setting terms and conditions of bail and (2) request detention for defendant MICAH TILLMON in the above-entitled matter based on danger.

//

//

The government's application is based on the attached Memorandum of Points and Authorities, the attached declaration of ATF Special Agent Ioannis Douroupis, the attached Exhibits, the files and records in this case, and any additional evidence or argument that the Court may wish to consider at the hearing on this matter.

Dated: July 6, 2020                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                             /s/
                                       SHAWN T. ANDREWS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF FACTS**

   **A.   The Complaint**

On June 25, 2020, Magistrate Judge Rozella A. Oliver signed a complaint that charged defendant Micah Tillmon ("defendant") with one count of Arson Affecting Interstate and Foreign Commerce under 18 U.S.C. § 844(i).  (See Docket Entry – "DE" – 1.)  That complaint alleges that during the civil disturbance that took place in Santa Monica, California, on May 31, 2020, defendant used an incendiary device to set fire to a restaurant called Sake House by Hikari.  (See Id. at 3-4.)  The fire caused significant damage to the interior of the restaurant, to include a hole burned through the ceiling.  (See Id. at 4.)

   **B.   Execution of Search Warrant**

Also on June 25, 2020, Judge Oliver signed a search warrant that authorized the search of the premises located at 23818 Welby Way in West Hills, California.  (See Case No. 20-MJ-2981 at DE 2.)  As detailed in the complaint, law enforcement determined that defendant resided at the Welby Way address ("Welby Way") after receiving information from defendant's former employer and viewing him at the residence on two occasions.  (See DE 1 at 7-8.)  ATF Special Agents executed that warrant on the morning of July 1, 2020.  (Douroupis Decl. ¶ 2.)  During a search of the garage, the search team located a white cabinet situated directly next to defendant's car.  (See Id. ¶ 3.)  Both on top of that cabinet and inside a box stored within the cabinet, the search team found items that could be used to make homemade explosives.  (See Id. ¶¶ 3-5.)

//

### C. Defendant's Initial Appearance and Order Granting Bond

On July 1, 2020, defendant made his initial appearance before the Honorable Magistrate Judge Pedro V. Castillo. (DE 4 at 1.) There, the Court heard arguments on the government's request for detention. The government urged that defendant be detained based on danger, specifically noting the allegations in the complaint and the materials found during the search of the garage at Welby Way. Judge Castillo ordered defendant released upon posting of a $25,000 appearance bond without justification to be signed by a surety. (Id. at 2.) Judge Castillo also ordered location monitoring (voice recognition), a nighttime curfew, and for defendant to submit to searches by the United States Probation and Pretrial Services Office. (See Id. at 2-3.)

The government requested a stay of Judge Castillo's order pending this appeal. Judge Castillo granted the government's request and stayed the order until July 6, 2020 at 4 p.m. (See DE 4 at 1.)

## II. LEGAL STANDARD

This Court reviews the magistrate's detention order de novo. United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990). Pretrial detention of a defendant without bail is appropriate where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. 18 U.S.C. § 3142(e); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). "[T]he government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk,

2

and by clear and convincing evidence that the defendant poses a danger to the community." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing Motamedi, 767 F.2d at 1406-07).

The court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including family and community ties and past criminal conduct; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).

**III. ARGUMENT**

Defendant's alleged conduct demonstrates that he is a danger. In almost any circumstance, setting fire to a building causes nearly incalculable risk.  It goes without saying that fire is unpredictable, and there are countless variables that could lead to its out-of-control spread.  In the circumstances of defendant's alleged action, however, those variables were undoubtedly magnified during the civil disturbance that took place in Santa Monica on May 31.  As noted in the complaint, once the firefighters who battled the blaze extinguished the fire, they quickly left the scene because of unsafe conditions created by the civil disturbance.  Indeed, the fire department had to return to the restaurant multiple times throughout the evening to extinguish flare-ups.  As such, the line between causing substantial damage to a single restaurant and destroying an entire city block (or more) was exceedingly thin.  Accordingly, defendant's alleged actions demonstrate a craven indifference for human life and a disturbing disregard for others' property.

3

That indifference and disregard takes on heightened significance with the discovery of the items in the garage at Welby Way on July 1. Given defendant's alleged use of what appears to be an incendiary device in starting an extraordinarily dangerous fire, his possession of numerous items that could be used to construct homemade explosives takes on new meaning. In particular, the fact that at least some of those items are readily available for legal purchase demonstrates that there is no condition or combination of conditions that can reasonably assure the safety of another person or the community. Put simply, Pretrial Services cannot monitor defendant 24 hours a day, seven days a week. They cannot assure that defendant does not take trips to Target or Home Depot. As such, the danger of defendant procuring precursor materials, constructing a homemade explosive and deploying it in a manner that causes harm is considerable. And the risk that defendant will engage in that project before Pretrial Services notices and takes action to stop him is too acute to be tolerated. Pre-trial detention is the only means of mitigating that risk.

**IV. CONCLUSION**

For the foregoing reasons, the Court should grant the United States' application for review of the Magistrate Court's order setting conditions of defendant's release and order that defendant be detained pending trial.

4