NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6104
    Facsimile: (213) 894-3713
    E-mail:    shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICAH TILLMON, <br><br> Defendant. | CR No. 20-289-MWF <br><br> STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT <br><br> **CURRENT TRIAL DATE: September 15, 2020** <br><br> **[PROPOSED] TRIAL DATE: February 9, 2021** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Shawn T. Andrews, and defendant MICAH TILLMON ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Carel Alé, hereby stipulate as follows:

1. The Indictment in this case was filed on July 14, 2020. The defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 1, 2020. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 22, 2020.  On July 21, 2020, the Court set a trial date of September 15, 2020.

    2.    Defendant is released on bond pending trial.

    3.    The parties estimate that the trial in this matter will last approximately two to three days.

    4.    By this stipulation, defendant moves to continue the trial date to February 9, 2021.

    5.    This is defendant's first request for a continuance.

    6.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

        a.    Defendant is charged with one count of violating 18 U.S.C. § 844(i), Arson of a Building Used in and Affecting Interstate Commerce.

        b.    Defense counsel is presently scheduled to be in several trials that will conflict with her preparation in this case: 1) a depredation against government property case beginning on August 18, 2020, United States v. Gutierrez, CR 19-54-TJH; 2) a conspiracy to distribute controlled substances case beginning on August 25, 2020, United States v. Luna, CR 19-366-AB; 3) a distribution of controlled substances case beginning on September 22, 2020, United States v. Espinoza, CR 19-361-CJC; 4) a distribution of controlled substances resulting in death case beginning October 6, 2020, United States v. Madi, CR 18-846-PSG; and 5) a felon in possession of a firearm and ammunition case beginning on December 8, 2020, United States v. Morris, CR 17-270-JAK.

  c. Accordingly, defense counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

  d. In light of the foregoing, defense counsel also represents that additional time is necessary to confer with her client, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

  e. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  g. The government does not object to the continuance.

  h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

 7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date the Court issues the order associated with this stipulation to February 9, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161 (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by

the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//
//
//

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: July 29, 2020                    Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        SHAWN T. ANDREWS
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am MICAH TILLMON'S attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 9, 2021 is an informed and voluntary one.

_____  7/28/2020
CAREL ALE                          Date
Attorney for Defendant
MICAH TILLMON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 9, 2021.

_____  July 28th, 2020
MICAH TILLMON                      Date
Defendant