CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail:  carel_ale@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
MICAH TILLMON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICAH TILLMON,<br><br>　　　　　Defendant. | Case No. 20-CR-00289-MWF<br><br>***EX PARTE* APPLICATION FOR MODIFICATION OF CONDITIONS OF RELEASE** |

　　　　Micah Tillmon, by and through his counsel of record, Deputy Federal Public Defender Carel Alé, hereby applies *ex parte* for a modification of the conditions of release. Specifically, Mr. Tillmon seeks to modify the bond to no longer require that he be restricted to his residence at all times but that he be restricted to his residence between the hours of 10 p.m. to 6 a.m. or as directed by United States Pretrial Services Office.

//

//

1

1      This application is based on the declaration of counsel, the attached exhibits, and
2 all other records in this case.

                                                             Respectfully submitted,

                                                             CUAUHTEMOC ORTEGA
                                                             Interim Federal Public Defender

6 DATED: September 4, 2020      By  */s/ Carel Alé*
                                                             Carel Alé
                                                             Deputy Federal Public Defender
                                                            Attorney for MICAH TILLMON

## DECLARATION OF CAREL ALÉ

I, Carel Alé, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California appointed to represent Micah Tillmon in the above-entitled action.

2. On July 1, 2020, Mr. Tillmon made his initial appearance before the Honorable Magistrate Judge Pedro V. Castillo. Dkt. Entry 1. Mr. Tillmon was charged by way of a complaint alleging a violation of 18 U.S.C. § 844(i).

3. The U.S. Pretrial Services Office recommended release pursuant to, *inter alia*, a $10,000 affidavit of surety without justification, drug testing condition, and submission to a mental health evaluation. It did not recommend location monitoring or home confinement. Dkt. Entry 4. The government requested detention. Dkt. Entry 5.

4. The Court granted bond but varied from those conditions recommended by the U.S. Pretrial Services Office. The Court set the following additional or revised conditions for Mr. Tillmon's release: $25,000 affidavit of surety without justification; Voice Location Monitoring; a curfew, requiring Mr. Tillmon to be at his residence between the hours of 6 p.m. to 7 a.m.; Mr. Tillmon is prohibited from possessing any materials which can be used to make an incendiary device; and Mr. Tillmon is prohibited from engaging in any protests. Mr. Tillmon did not contest any of the Court's stricter restrictions.

5. The government requested a stay of Mr. Tillmon's release on bond pending appeal. Dkt. Entry 4.

6. On July 6, 2020, the government filed an Application for Review/Reconsideration of Order Setting Conditions of Release/Detention. Dkt. Entry 10. Mr. Tillmon filed an opposition on July 7, 2020, Dkt. Entry 12, and the government filed a reply on July 8, 2020, Dkt. Entry 14.

7. On July 13, 2020, a hearing on the government's application was held before the Honorable Dale S. Fischer, the duty district court judge. Dkt. Entry 15.

8. The Court affirmed Mr. Tillmon's release but modified the bond conditions to require Mr. Tillmon to be restricted to his residence at all times. Dkt. Entry 15 at 4. The Court also required the parties to specify the materials Mr. Tillmon was prohibited from possessing per the Magistrate Court's order that Mr. Tillmon not possess "materials which can be used to make an incendiary device." Dkt. Entry 4 at 3.

9. On or about July 16, 2020, Mr. Tillmon was released on bond.

10. Since his release, Mr. Tillmon has complied with all of the terms of his release.

11. On September 4, 2020, I spoke with United States Pretrial Services Officer Manual Ibanez about this request. Officer Ibanez informed me that Mr. Tillmon was doing very well on supervision and that Officer Ibanez did not oppose the request for a curfew modification. Officer Ibanez also advised that because Mr. Tillmon is drug testing in the mornings, a curfew from 6 a.m. to 10 p.m., a "traditional curfew," or a curfew as directed by the supervising agency, would be appropriate.

12. On September 4, 2020, I spoke with Assistant United States Attorney Shawn Andrews about this request. AUSA Andrews advised me that the government opposed any modification to the terms of release.

DATED: September 4, 2020           By   */s/ Carel Alé*
                                                      CAREL ALÉ