CUAUHTEMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
Carel Alé (Bar No. 283717)
(E-Mail: carel_ale@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MICAH TILLMON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICAH TILLMON,<br><br>　　　　　Defendant. | Case No. 20-CR-0289-MFW<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR MODIFICATION OF CONDITIONS OF RELEASE** |

　　　　Micah Tillmon, by and through his counsel of record, Deputy Federal Public Defender Carel Alé, hereby submits this reply to the Government's opposition to the Mr. Tillmon's Ex Parte Application for Modification of Conditions of Release. Dkt Entry 31.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　Interim Federal Public Defender

DATED: September 9, 2020　　　　By　*/s/ Carel Alé*
　　　　　　　　　　　　　　　　　Carel Alé
　　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　　Attorney for MICAH TILLMON

### MEMORANDUM OF POINTS AND AUTHORITIES

Title 18 U.S.C. §3142(c)(1)(B) requires that the conditions of release be the "least restrictive" conditions that "will reasonably assure . . . the safety of . . . the community . . ." Since Micah Tillmon's release, he has met all of the conditions set by the Honorable Dale S. Fischer. He has shown that he is capable of abiding by court orders and worthy of this Court's trust. The U.S. Pretrial Services Office's statements about Mr. Tillmon and position on this modification request are in accord. Dkt. Entry 29 at 4 ¶11. Mr. Tillmon's conduct demonstrates that are less restrict conditions which will continue to assure the safety of the community.

The government nevertheless opposes modifying the house arrest condition to allow for Mr. Tillmon to leave his home. The government asserts that Mr. Tillmon's home confinement has kept the community safe and thus should not be disturbed. Dkt Entry 31 at 3. The government cites nothing other than its belief to support its position that home confinement is the only appropriate condition. It does not explain why the proposed curfew (or even a more restrictive curfew than that proposed by Mr. Tillmon and suggested by U.S. Probation) could not also reasonably assure the safety of the community.

Mr. Tillmon's history and characteristics and his conduct while out on bond demonstrate to this Court that he is capable of living a law-abiding life and is willing and able to follow court orders. Mr. Tillmon has no criminal history, no juvenile record, and no history of arrests. Until the recent economic depression, Mr. Tillmon had been gainfully employed and enrolled at Pierce College in Los Angeles. The modification Mr. Tillmon seeks will continue to restrict his liberty but is a measured expansion of liberty to allow for Mr. Tillmon to assist his aunt (who is his guardian and a single, working mother), to visit with his grandparents, and to pursue his own betterment.

**CONCLUSION**

For these reasons, Mr. Tillmon respectfully request a modification of his conditions of release to remove the 24-hour home confinement and allow for Mr. Tillmon to be confined to his home between the hours of 10 p.m. and 6 a.m. or as directed by U.S. Pretrial Services.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Interim Federal Public Defender

DATED: September 9, 2020        By  */s/ Carel Alé*
CAREL ALÉ
Deputy Federal Public Defender
Attorney for MICAH TILLMON

2