# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

| | |
|---|---|
| Case No. **CR 20-289 MWF** | Date: September 30, 2020 |

Present: The Honorable: **MICHAEL W. FITZGERALD, United States District Judge**

Interpreter: Not Applicable

| Rita Sanchez | Not Reported | Shawn Andrews |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant | Present | Cust | Bond | Attorneys for Defendant: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 1) Micah TILLMON | Not | XX | | 1) Carol Alé, DFPD | Not | XX | |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING DEFENDANT MICAH TILLMON'S EX PARTE APPLICATION FOR MODIFICATION OF CONDITIONS OF RELEASE ]29]**

The Court has reviewed Defendant Micah Tillmon's Ex Parte Application for Modification of Conditions of Release (the "Ex Parte Application"), filed September 4, 2020. (Docket No. 29), and the Government's Opposition to Defendant's Ex Parte Application (the "Opposition"), filed September 8, 2020, and Defendant's Reply to the Government's Opposition (the "Reply"). (Docket Nos. 31 and 32).

The Court also reviewed the previously filed documents referenced by both Defendant and the government in their Ex Parte Application and Opposition: Government's Application for Review/Reconsideration of Order Setting Conditions of Release; Declaration of Special Agent Ioannis Douroupis; Exhibits (the "Review Application"), filed July 6, 2020; Defendant's Opposition to the Review Application (the "Review Opposition"), filed July 7, 2020; the Government's Reply to the Review Opposition (the "Review Reply"), filed July 8, 2020; and Judge Dale S. Fischer's Order (the "Fischer Order"), filed July 13, 2020. (Docket Nos. 10, 12, 14 and 15, respectively).

The Ex Parte Application is **DENIED**. Several factors support Mr. Tillmon's request, namely (1) Pretrial's concurrence in the curfew recommendation; (2) Mr. Tillmon's apparent compliance with his conditions of release thus far; and (3) the reasonableness of his desire to assist his family. ***However***, outweighing these factors are the alleged circumstances of the

charged offense and the precursor materials discovered during the search. Either is arguably sufficient to detain Mr. Tillmon on grounds of dangerousness; both together mean that Judge Fischer was bold in allowing Mr. Tillmon to await trial at home. (Docket No. 15). Simply as a matter of common sense, the limitations on Mr. Tillmon's movements also limit his ability to evade supervision, gather explosive materials, or otherwise endanger the community.

Pursuant to the Bail Reform Act, the Court therefore finds and rules that the existing conditions, including 24-hour home confinement, are the "least restrictive further conditions" necessary to assure the safety of the community. 18 U.S.C. § 3142(b). In so finding and ruling, the Court has applied the factors set forth in 18 U.S.C. § 3142(g).

IT IS SO ORDERED.

cc: Pretrial Services